IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H.S. DOE, by Next Friend, L.S. DOE;
C.R. DOE, by Next Friend, N.R. DOE; and
Z.B. DOE By Next Friend L.B. Doe,

                  Case No. 5:16-cv-13710
                  Hon. Judith E. Levy
        Plaintiffs,        Magistrate Elizabeth Stafford

v.

SHIRLEY THOEN, an Individual,
and the PORT HURON AREA
SCHOOL DISTRICT

        Defendants.
_____/

| | |
|---|---|
| SEIKALY STEWART & BENNETT, P.C. | WHITE SCHNEIDER PC |
| Attorneys for Plaintiffs | Jeffrey S. Donahue (P48588) |
| WILLIAM R. SEIKALY (P33165) | Andrew J. Gordon (P80211) |
| TIFFANY R. ELLIS (P81456) | Attorneys for Defendant Thoen |
| 30445 Northwestern Hwy, Ste 250 | 2300 Jolly Oak Road |
| Farmington Hills, Michigan 48334 | Okemos, MI 48864 |
| (248) 785-0102 | (517) 349-7744 |
| wrs@sslawpc.com | jdonahue@whiteschneider.com |
| tre@sslawpc.com | |

PLUNKETT COONEY
Michael D. Weaver (P43985)
Attorneys for Defendant Port Huron
Area School District
38505 Woodward Avenue, Ste 2000
Bloomfield Hills, MI 48304
(248) 901-4025
mweaver@plunkettcooney.com
_____

**PLAINTIFFS' REPLY TO DEFENDANT THOEN'S RESPONSE TO
PLAINTIFFS' MOTION TO AMEND**

Defendant Thoen seeks to prevent Plaintiffs' Proposed Second Amended Complaint ("PSAC") and specifically the addition of a claim of gross negligence against Defendant Thoen. The sole basis for Thoen's opposition is the unfounded assertion she will be prejudiced by the amendment because of Plaintiffs' alleged delay. In reality, Defendants have articulated no prejudice, Plaintiffs have not delayed, and, even if they had, delay alone is not be grounds to deny Plaintiffs' Motion to Amend.

## I.  Defendants Suffer No Prejudice by the Amendment

In arguing against Plaintiffs' proposed amended complaint, Defendant Thoen relies almost entirely on the amount of time that has passed since this case was filed and the date of Plaintiffs' proposed amended complaint. Thoen articulates *no* prejudice that she or Defendant Port Huron Area School District (PHASD) will suffer if Plaintiffs' motion is granted.

While it is true that the discovery period officially closed on March 30, 2018, it is of no consequence. Were Plaintiffs seeking to add an entirely new theory to the case it might be different, however the proposed amendment requires no additional depositions or discovery. Defendant Thoen fails to acknowledge that she herself has yet to be deposed and there are continuing discovery disputes that are the subject of another motion pending with this Court. *See* Dkt. 46. Thoen's deposition is presently scheduled for May 7. Thoen has articulated no additional

1

witnesses or depositions that will be needed if a gross negligence claim is added against her, nor does she reference any additional interrogatories, documents, or requests to admit that she would need to defend this claim. That is because there are none.

Denial of an amendment is an abuse of discretion where newly asserted claims are supported by facts set forth in the original claim. *Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). "The amended cause of action is not so different as to cause prejudice to the defendants, nor [is the] the delay particularly "undue" considering the course of this case...." *Id.* citing *Tefft v. Seward,* 689 F.2d 637 (6th Cir.1982). As Defendant Thoen points out, "Plaintiffs have maintained a claim for gross negligence against Defendant PHASD since filing their original complaint." Dkt. 45, Pg ID 665. The facts - as they relate to Defendants' gross negligence - have remained the same since this case was originally filed. No additional facts besides those already alleged are needed to support Plaintiffs' claim of gross negligence against Thoen.

The addition of a gross negligence claim against Thoen requires no change to the scheduling order. It will cause no delay in the case. Neither prosecution nor defense of the claim will require any additional experts or expenditure of costs. Defendants will suffer *no* prejudice as a result of the amendment.

2

## II. Delay Does Not Justify Denial of the Amendment

It is well established law in this Circuit and elsewhere that delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow an amendment of a pleading. *See Moore* at 561, FN2.

As discussed above, Defendants suffer no prejudice if Plaintiffs are permitted to amend their complaint. Moreover, Plaintiffs have no intent to harass Defendants with this amendment. As in *Moore*, "in light of the authority in this Circuit, particularly *Tefft,* indicating a requirement of at least some significant showing of prejudice to the opponent and manifesting liberality in allowing amendments to a complaint," a denial of plaintiff's motion to amend would be "an abuse of discretion." *Id.* at 562.

Furthermore, the thrust of Rule 15 is to reinforce the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Id.* at 559 citing *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982). The substance of the allegations in Plaintiffs' original complaint, now verified through discovery, support a claim of gross negligence against Thoen. To deny the amendment because of any purported failure by Plaintiffs to cure deficiencies in their complaint earlier would be a victory of technicalities over the merits of this matter and therefore improper.

## CONCLUSION

For these and all other reasons previously stated by Plaintiffs, Plaintiffs respectfully request that this Court grant Plaintiffs' motion to file their proposed second amended complaint.

Respectfully submitted,

Dated: April 20, 2018            /s/ Tiffany R. Ellis_____
**Seikaly, Stewart, & Bennett, P.C.**
TIFFANY R. ELLIS (P81456)
30445 Northwestern Hwy. Suite 250
Farmington Hills, MI 48334
(248)785-0102
tre@sslawpc.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on April 20, 2018 the foregoing document was served upon counsel of record any unrepresented parties via the Court's ECF System to their respective email.

 _/s/ Tiffany R. Ellis _____